Maktin, J.
delivered the opinion of the court. The petition states that Hiram Edmundson, the patroon of the plaintiff’s barge, having in that capacity received 100 dollars for and on account of the plaintiff, deposited them with the defendants’ testator for safe keeping. That the testator died without having refuaded the said sum to the said Hiram. The defendants pleaded the general issue; there was judgment for the plaintiff, and they appealed-. •
'jThe testimony, which is all spread on the *285 ■record, although it does not leave the question ’ > a, ( ' ° . ’ , ⅛ of fact absolutely clear ,of doubt, preponderates in favor of the plaintiff: but the defendants’ counsel assigns as an error of law, that it is not stated that the money specified in the petition was deposited for and on account of the plaintiff, and the testimony shews that the name of the plaintiff* was never mentioned to the depositary. who to his death believed the money be? longed to Edmundson. ' „
It appears to us that the defendants’ counsel,'; is correct, and that the district judge erred ¾⅝⅛ giving judgment for the plaintiff, who hadi-⅛⅜ right to demand the money from the defendants, until he had obtained a cession of Edmundson’s right, or had established his claim in a suit to which the latter was made a party.
The depositary must return the thing deposited only to him who deposited it, or in whose name the deposit was made, or who was pointed out to receive it. He cannot require him who made the deposit to prove that he is the owner of the thing. Yet, if lie discover that the thing was stolen, and who the ow ner of it is, be must give him notice of the deposit, requiring him to claim it, in due time. Civ. Code, 414, art. 19, SO.
If ¿ou delivered me a thing, which Pete»

*286

Thus it is clear that, even if the plaintiff had shewn that he had directed Edmundson to deposit his money with the testator, it could not be recovered in this action, without a transfer of Edmundson’s right having been previously obtained ; because Edmundson did not inform the testator that the money was deposited in fye plaintiff’s name, or for his account.
The case is not mended by the circumstance of Edmundson having attended in this case, as a witness, and having proven the deposit: because as he might he compelled to testify, without an inquiry into his right to the. money, his attendance does not shew a voluntary transr fer of it, and no compulsory one has been obtained. The right is still in him exclusively, and the plaintiff cannot have any action against the defendants except through, or contradictorily' wife, him. '
The decision, in this case, will seem in contradiction with that in the case of Musson vs. *287 Bank U. S. however,⅜1 of Musson peal, does no claim in the district (50⅛ the money deposited to ing parties legally entitle Hoc appeal, the judgment of *the restrict court could not be amended in its favor ot, , , hts Pf'th© opay ontend-As it did
jPregton for the plaintiff, Workman for the depit
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendants, as in the case of a nonsuit, with costs ha1 both courts.